IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul G. Rojas, | ) | No. CV 05-2862-PHX-ROS (HCE) |
| | ) | |
| Plaintiff, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Joseph M. Arpaio, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On September 19, 2005, Plaintiff, who was at that time incarcerated at the Lower Buckeye Jail in Maricopa County, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983.

## I.  BACKGROUND

On March 2, 2006, the Court entered an order directing, *inter alia,* the Clerk of Court to mail a service packet to Plaintiff and directing Plaintiff to return the completed service packet to the Court within twenty days.  The March 2, 2006 Order and service packet were mailed on March 2, 2006 to Plaintiff at his last known address of record at the Lower Buckeye Jail. On March 6, 2006, the envelope containing the March 2, 2006 Order and service packet was returned to the Clerk of Court with the following notation:  "Unable to Forward." (Doc. No. 5) Through research, the Clerk of Court learned  that Plaintiff was  no

longer incarcerated at the Lower Buckeye Jail but that he was at the Arizona State Prison Complex (hereinafter "ASPC").  (Id.)  On March 6, 2006, the Clerk of Court mailed the March 2, 2006 Order and service packet to Plaintiff at the ASPC address.  (Id.)  The Clerk of Court also revised the docket to reflect Plaintiff's current address at the ASPC.

Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District of Arizona, requires that an incarcerated litigant comply with the instructions attached to the Court-approved Complaint form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case."  (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2).

In the Notice of Assignment, sent to Plaintiff on September 19, 2005, the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED."  (Notice at 1).  One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes." (Id.)

Additionally, the March 2, 2006 Order that was mailed to Plaintiff at the ASPC warned Plaintiff that: "[a]t all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date... Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rule of Civil Procedure." (March 2, 2006 Order, p.5)  The Court also required Plaintiff to return the completed service packet within twenty days and warned Plaintiff that his failure to either obtain a waiver of service or to otherwise effect service within 120 days of the filing date of the complaint or within 60 days of the filing of the Order, whichever was later, may result in dismissal.  (Id. at p. 4) The Court also warned Plaintiff that his failure to timely comply with every provision

of the March 2, 2006 Order, or any order entered in this matter, will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at p.3)

Plaintiff has not filed a Notice of Change of Address. Plaintiff has not returned the service packet to the Court within the deadline nor has he requested an extension of that deadline. Plaintiff has not obtained a waiver of service from Defendants nor has he served Defendants with the Complaint and Summons within the Court-ordered deadline. Plaintiff has not filed any other document notifying the that he intends to prosecute this action. Plaintiff has filed no documents in this action since he filed his Complaint on September 19, 2005. Therefore, on June 29, 2006, the Court granted Plaintiff until July 21, 2006 to file a brief showing good cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff was advised that his failure to file such brief by the deadline would result in a recommendation to the District Court to dismiss this action pursuant to Fed.R.Civ.P. 41. The docket reflects that on June 30, 2006, the Court's June 29, 2006 Order To Show Cause was mailed to Plaintiff at his current address of record at the ASPC. To date, Plaintiff has not filed the brief required by the Court's June 29, 2006 Order.

## II. DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*"); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same).

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to comply with the Court's orders in a timely fashion. *See Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) (dismissing action for failure to keep court apprised of current address); *Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) ("pro

- 3 -

se litigants are bound by the rules of procedure"); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)(*"[p]ro se* litigants must follow the same rules of procedure that govern other litigants").

In determining whether Plaintiff's failure to prosecute warrants dismissal of his case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson*, 779 F.2d at 1423). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with the Court's order to file a Notice of Change of Address, to comply with Court-ordered deadlines, to comply with the Court's order to file a brief showing good cause why this matter should not be dismissed, to make any effort to serve Defendants, or to otherwise actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Despite the Court's warnings in the March 2, 2006 and June 29, 2006 orders that Plaintiff's failure to comply could result in dismissal of this action, Plaintiff nonetheless failed to comply with the deadlines set out in those orders. Under such circumstances, only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation.  If objections are filed, the parties should use the following case number: **CV 05-2862-PHX-ROS.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 16th day of August, 2006.


_____
Héctor C. Estrada
United States Magistrate Judge